UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00059-LRH-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOSE GUERRERO-LOPEZ, | |
| Defendant. | |

Defendant Jose Guerrero-Lopez ("Guerrero-Lopez") has filed an *ex parte* motion for the issuance of subpoenas seeking pretrial document production from the Reno Police Department ("RPD") (ECF No. 22). Guerrero-Lopez seeks any police reports, arrest reports, or citations pertaining to him. Specifically, Guerrero-Lopez requests his arrest report from April 17, 2019 (RPD Case No. 19-7340) and his citation from August 13, 2020.

Subpoenas in criminal cases are governed by Federal Rule of Criminal Procedure 17. This Rule allows either party to subpoena an individual to testify at trial or for an individual or entity to produce documents for use at trial. Rule 17(c)(2) provides that the court may quash or modify the subpoena if compliance would be "unreasonable or oppressive." The Supreme Court has previously made it clear that Rule 17 subpoenas are not to be used as a vehicle for discovery. *U.S. v. Nixon*, 418 U.S. 683, 699 (1974); *see also U.S. v. Sellers*, 275 F.R.D. 620, 623 (D. Nev. 2011) (reaffirming the Supreme Court's rule from *Nixon*). This is because discovery is limited in scope and governed by Rule 16. By extension, this means that Rule 17 subpoenas cannot be used to gain access to information for the purpose of solely preparing a pretrial motion. Therefore, a party

seeking production of materials under a Rule 17 subpoena must demonstrate to the court that what it seeks is: (1) relevant to the case at hand; (2) admissible at trial, and (3) must be described with specificity. *U.S. v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (citing *U.S. v. Nixon*, 418 U.S. 683, 700 (1974)). In *Nixon*, the Supreme Court also stated that the party requesting the subpoena must show that it cannot properly prepare for trial without such production and the application is made in good faith, not as a fishing expedition. *Nixon*, 418 U.S. at 699–700.

Guerrero-Lopez has made this showing here. He has addressed all three of the *Nixon* elements in his *ex parte* motion. Specifically, that (1) the requested records are relevant because they may reasonably related to his pretextual inventory search defense; (2) the requested records may be admissible if the Court finds evidence of a pretextual motive; and (3) the requested records are specific as both the April 17, 2019 and August 13, 2020 incidents are referenced in Officer Franks' arrest report. The Court will accordingly grant Guerrero-Lopez' motion for subpoenas.

The Court is also of the view that if a party is seeking a subpoena solely for the production of materials for use at trial and revealing the subpoenaed materials would expose key trial strategy or the theory of the case to the opposing party, then it may be appropriate for that party to seek the subpoena *ex parte*. In particular, an attorney's theory of the case constitutes his or her work product, something that is almost never discoverable in a criminal or civil action. *See, e.g.*, *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975). It is the burden of the party requesting the subpoenas to show that the information that they would disclose would reveal trial strategy or the theory of the case to the opposing party. *U.S. v. Sellers*, 275 F.R.D. 620, 623–24 (D. Nev. 2011).

Guerrero-Lopez has not made this showing here. Guerrero-Lopez' theory of the case, that RPD officers had a pretextual motive in conducting an inventory search, has already been revealed to the government in his motion to suppress. As it stands now, the Court cannot conclude that the requested documents, Guerrero-Lopez' previous arrests with RPD, would reveal Guerrero-Lopez' theory of the case.

///

///

IT IS THEREFORE ORDERED that Guerrero-Lopez' *ex parte* motion for a subpoena (ECF No. 22) is **GRANTED**.

IT IS FURTHER ORDERED that the subpoena (ECF No. 22-1) shall be issued for the Reno Police Department.

IT IS FURTHER ORDERED that all subpoenaed documents shall be deposited with the Clerk of the Court.[1]

IT IS FURTHER ORDERED that the application on this matter (ECF No. 22) and this Order are hereby **UNSEALED**. Once the Clerk receives the subpoenaed documents, the Clerk shall inform the parties that the documents are available and permit counsel for both sides to inspect them, as contemplated by Rule 17(c)(1).

IT IS FURTHER ORDERED that upon inspection of the documents, the parties are to inform the Court a date and time at their convenience for an evidentiary hearing regarding Guerrero-Lopez' motion to suppress (ECF No. 21).

IT IS SO ORDERED.

DATED this 3rd day of January, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] Please mail subpoenaed materials with a copy of the subject subpoena to:
Clerk of Court, Attn Katie Ogden
U.S. District Court for the District of Nevada
400 S. Virginia St.
Reno, NV 89501

3